UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,

vs.

BRICKELL FAST FOODS, INC.
d/b/a 10 SW 8 Street Burger King, and
CITY CENTER PROPERTIES, LLC

    Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Brickell Fast Foods, Inc. doing business as the Burger King restaurant located at 10 SW 8 Street, Miami Florida 33130, and Defendant City Center Properties, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

1

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

## PARTIES

3. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).  Plaintiff is also a "tester" to determine whether public accommodations in complying with the requirements of the ADA and the ADAAG.

4. Defendant Brickell Fast Foods, Inc. (also referenced as "Defendant Fast Foods," "tenant," "operator," "lessee" or "co-Defendant") is a Florida for profit corporation which owns the 10 SW 8 Street Burger King fast-food franchise restaurant which is the subject of this action.

5. Defendant City Center Properties, LLC (also referenced as "Defendant City Center," "Lessor," "Landlord," "Owner," or "co-Defendant") is the owner of Folio 01-0205-060-1010, which is a commercial real property located at 10 SW 8 Street, Miami Florida 33130 which is built out as a small strip center which includes the subject Burger King fast food restaurant.

## FACTS

6. A portion of Defendant City Center's 10 SW 8 Street Miami commercial space built out as a Burger King fast food restaurant. At all times material hereto, this commercial space has been leased to co-Defendant Fast Foods. The lessee in turn has operated its franchised "Burger King" fast food restaurant within that leased space.

7. Burger King restaurants serve American style hamburgers, salads, shakes, drinks and deserts. Each Burger King restaurant is open to the general public and therefore each restaurant is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." Therefore, the franchise 10 SW 8 Street Burger King restaurant is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2). The 10 SW 8 Street Burger King restaurant which is the subject to this action is also referred to as "10 SW 8 Street Burger King," "(fast-food) restaurant" or "place of public accommodation."

8. At all times material hereto, Defendant Fast Foods was (and is) the franchisee operator of the Burger King restaurant located at 10 SW 8 Street. Therefore, Defendant Fast Foods is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

9. As the owner of commercial real property part of which is operated as a fast-food restaurant open to the public, Defendant City Center is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

10. Plaintiff is frequently in the vicinity of 10 SW 8 Street in Miami. Therefore, on September 29, 2021 Plaintiff went to the 10 SW 8 Street Burger King restaurant with the intent of purchasing a meal and dining in the eating area located therein.

11. Once Plaintiff was inside, Plaintiff met multiple areas of inaccessibility. As a result, Plaintiff left the 10 SW 8 Street Burger King feeling excluded, humiliated and dejected.

12. On information and belief, as an owner of a Burger King franchise, Defendant Fast Foods has been made aware of the need to provide equal access to individuals with disabilities such that its failure to reasonably accommodate individuals with disabilities at its 10 SW 8 Street Burger King restaurant is/was willful, malicious, and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302(c).

13. On information and belief, as an investor in commercial property, Defendant City Center is aware of the ADA and the need to provide for equal access within its commercial property. Therefore, Defendant City Center's failure to reasonably accommodate individuals with disabilities is/was willful, malicious, and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302(c).

14. Based on the impediments delineated herein, Plaintiff has been denied full and equal access to, and full and equal enjoyment of the 10 SW 8 Street Burger King restaurant by the operator of that restaurant (Defendant Fast Foods) and by the owner/lessor of the commercial property which houses the restaurant (Defendant City Center).

15. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

16. Plaintiff is and has been a customer of Burger King fast-food restaurants. Plaintiff often dines at Burger King fast food restaurants and continues to desire to return to the 10 SW 8 Street Burger King restaurant to test accessibility and/or purchase food and eat in the dining area, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the architectural barriers and other barriers to access, all which are in violation of the ADA.

17. Any and all requisite notice has been provided.

18. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

**COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

19. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Thirty years have passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

20. Congress explicitly stated that the purpose of the ADA was to:

(i)   provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii)  provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42. U.S.C. §12101(b)(1)(2) and (4).

21. Prior to the filing of this lawsuit, Plaintiff personally visited the 10 SW 8 Street Burger King restaurant in order to purchase a meal and dine therein, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, he met barriers to access within the restaurant. Therefore, Plaintiff has suffered an injury in fact.

22. Defendant Fast Foods and Defendant City Center have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the 10 SW 8 Street Burger King restaurant, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to

barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

23. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the 10 SW 8 Street Burger King restaurant.

24. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

25. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

26. The 10 SW 8 Street commercial space which is owned by Defendant City Center and which houses Defendant Fast Foods' franchised Burger King restaurant is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.,* and both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

i. As to Defendant Fast Foods (lessee/operator) and Defendant City Center (owner/lessor of the property) (jointly and severally), The indoor seating of the restaurant did not provide for designated handicapped seating accessible by wheelchair, in

violation of 28 C.F.R. Part 36, Section 4.32.4, which states that the height of accessible tables shall be from 28 in to 34 in (710 mm to 865 mm) above the finish floor or ground. The seating is also in violation of 2010 ADA Standards for Accessible Design Sections 226 and 902, which requires that all dining areas be accessible in clear floor/ground space, size and height. Specifically, Section 226.1 requires that, where dining surfaces are provided for the consumption of food or drink, at least five percent (5%) of the seating spaces and standing spaces at the dining surfaces must comply with Section 902. Section 902.2 requires the provision of accessible knee and toe clearance.

ii. As to Defendant Fast Foods (lessee/operator) and Defendant City Center (owner/lessor of the property) (jointly and severally), Plaintiff could not enter the restroom area without assistance, as the required maneuvering clearance on the pull side of the restroom entry door is not provided. The fact that the restroom entry door does not provide the required maneuvering clearance is a violation Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design.

iii. As to Defendant Fast Foods (lessee/operator) and Defendant City Center (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty opening the restroom door, as it does not have the required door pressure. The restroom door opening force resulted in the need for excessive weight/force to open. This is violative Section 4.13.11 and other sections of the ADAAG. The door opening force shall not be greater than that delineated at 28 C.F.R. Part 36.211. The 2010 ADA Standards for Accessible Design Section 404.2.7 states that operable parts on doors

and gates must comply with Section 309.4, and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum. Section 404.2.8.1 requires that door and gate spring hinges must be adjusted so that the time to move the door to a position of 12 degrees from the latch is 5 seconds minimum.

iv. As to Defendant Fast Foods (lessee/operator) and Defendant City Center (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the stall door as the toilet compartment (stall) door does not provide self-closing hinges. This is a violation of Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design states that toilet compartment doors shall be self-closing. This is also a violation of Sections 4.17.5 and 4.13.10 of the ADAAG. Section 4.17.5 states that toilet door hardware must comply with Section 4.13, and Section 4.13.10 states that door closers must take at least 3 seconds to move to a point of 3" from the latch.

v. As to Defendant Fast Foods (lessee/operator) and Defendant City Center (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the stall door, as the toilet compartment stall door was missing pull handles on both sides of the door near the latch. This is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG, and Section §604.8.1.2 of the 2010 ADA Standards for Accessible Design.

vi. As to Defendant Fast Foods (lessee/operator) and Defendant City Center (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can), which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG (which

specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures) and Section 604.3.1 (water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall) of the 2010 ADA Standards for Accessible Design.

vii. As to Defendant Fast Foods (lessee/operator) and Defendant City Center (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet paper dispenser without assistance, as the toilet paper dispenser is not in the proper position because it is mounted over the rear grab bar.  This is in violation of Section 4.16.6 of the ADAAG and Section 604 of the 2010 Standards for Accessible Design. Section 4.16.6 states that toilet paper dispensers shall be installed within reach, as shown in Fig. 29(b). Section 604.7 states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars. Section 604.9.6 further states that there must be a clearance of 1½ inches (38 mm) minimum below the grab bar and that dispensers shall not be of a type that controls delivery or that does not allow continuous paper flow.  The subject toilet paper dispenser is in violation of these sections.

viii. As to Defendant Fast Foods (the lessee and operator of the restaurant) and Defendant City Center (owner/lessor) (jointly and severally), Plaintiff could not use the lavatory

sink inside the stall as it is mounted over the required height. The appropriate knee clearance must be at least 27" (685 mm) high, 30" (760 mm) wide, and 19" (485 mm) deep underneath the sink. This failure is in violation of 28 C.F.R. Part 36, Sections 4.24.3, 4.19.2 and 4.2.4 of the ADAAG and Sections 606.3 and 305.3 of the 2010 ADA Standards for Accessible Design.

ix. As to Defendant Fast Foods (the lessee and operator of the restaurant) and Defendant City Center (owner/lessor) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard at the lavatory sink inside the stall because that sink does not have completely wrapped bottom sink pipes, hence, the sink does not provide proper insulation protecting users of that sink against the plumbing pipes under the sink and/or countertop. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

x. As to Defendant Fast Foods (the lessee and operator of the restaurant) and Defendant City Center (owner/lessor) (jointly and severally), Plaintiff could not use the lavatory sink outside the stall as it is mounted over the required height. This failure is in violation of 28 C.F.R. Part 36, Sections 4.24.3, 4.19.2 and 4.2.4 of the ADAAG and Sections 606.3 and 305.3 of the 2010 ADA Standards for Accessible Design.

xi. As to Defendant Fast Foods (the lessee and operator of the restaurant) and Defendant City Center (owner/lessor) (jointly and severally), Plaintiff was exposed to a cutting/

burning hazard at the lavatory sink outside the stall because that sink does not have completely wrapped bottom sink pipes, hence, the sink does not provide proper insulation protecting users of that sink against the plumbing pipes under the sink and/or countertop. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

27. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the 10 SW 8 Street Burger King restaurant commercial space accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

28. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the property lessor Defendant City Center Properties, LLC (owner of the commercial property) and the lessee (operator of the Burger King restaurant located at tht property) Defendant Brickell Fast Foods, Inc. and requests the following relief:

   a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and the 10 SW 8 Street Burger King fast-food restaurant located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 1st day of November, 2021.

Respectfully submitted,

/s/ J. Courtney Cunningham
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*